**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

JASON LEEDS,                                                    23 Civ.

                                Plaintiff,

                -against-                                    **Complaint and Jury Demand**

EVFOODS, LLC, ADP TOTALSOURCE CO. XXI
INC., MAX CRESPO, and BRADLEY ROBINSON,

                                Defendants.

----------------------------------------------------------------X

        Plaintiff, Jason Leeds ("Plaintiff"), by and through his attorneys, Corey Stark PLLC,

complains of defendants, EVFoods, LLC ("EVFoods"), ADP Totalsource Co. XXI Inc. ("ADP"),

Max Crespo ("Crespo"), and Bradley Robinson ("Robinson") (collectively "Defendants") and

respectfully sets forth to the Court as follows:

                              **NATURE OF THE ACTION**

        1.      This is an action to recover damages for Defendants' discrimination on the basis of

age in the terms, conditions, and privileges of employment, and for retaliation, under the New

York Executive Law Section 290 *et seq*. ("NYSHRL") and the Administrative Code of the City of

New York Section 8-107 *et seq*. ("NYCHRL"), for Defendants' retaliation against Plaintiff in

violation of the New York State Whistleblower Protection Law ("NYWPL") Section 740 of the

New York Labor Law, which expressly protects whistleblowers against retaliation, and for breach

of contract and promissory estoppel against EVFoods.

## JURISDICTION

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that Plaintiff is a citizen of the state of New Jersey while Defendants are citizens of states other than New Jersey, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## VENUE

3.      Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the Southern District of New York is EVFoods's principal place of business and the judicial district in the state in which the unlawful employment practices are alleged to have been committed.

## PREREQUISITES

4.      Before filing the complaint in this action, Plaintiff caused a copy of the same to be served upon the Corporation Counsel of the City of New York.

## PARTIES

5.      Plaintiff was born August 11, 1988, and is 34 years old.

6.      Plaintiff has been a resident of the state of New Jersey since August 2023 and was also a resident of New Jersey at the commencement of his employment by Defendants, but he was a resident of the state of New York from November 2022 through August 2023.

7.      At all times material herein Plaintiff was an "Employee" entitled to protection within the meaning of the NYSHRL, the NYCHRL, and the New York Labor Law.

8.      EVFoods is a foreign limited liability company with its principal place of business located in New York, New York.

9.    EVFoods is an "Employer" within the meaning of the NYSHRL, the NYCHRL, and the New York Labor Law.

10.   ADP is a foreign corporation.

11.   Upon information and belief, ADP conducts business in the city, county, and state of New York.

12.   Upon information and belief, ADP is a professional employer organization ("PEO") which provides, among other things, payroll processing, human resource consulting, and benefit administration services to primarily small and medium-sized companies.

13.   Upon information and belief, ADP is registered as a PEO under the New York Professional Employer Act, Article 31 of the New York Labor Law (the "PEO Act").

14.   Upon information and belief, since 2022 ADP has been providing PEO services to EVFoods pursuant to a written client service agreement.

15.   Under the PEO Act ADP is considered a "co-employer" of the employees of the client companies to whom it provides services.

16.   ADP is an "Employer" of Plaintiff under the NYCHRL, the NYSHRL, and the New York Labor Law.

17.   Upon information and belief, Crespo is a citizen of the state of New York.

18.   Upon information and belief, at all times material herein Crespo was and is founder and majority equity holder of EVFoods and exercises significant control over EVFoods's day-to-day operations including, but not limited to, hiring, firing, approving expenses, and setting compensation.

19.   Crespo is an "Employer" of Plaintiff under the NYCHRL, the NYSHRL, and the New York Labor Law.

3

20. Crespo actually participated in, and aided and abetted, the conduct giving rise to the discrimination.

21. Upon information and belief, Robinson is a citizen of the state of Connecticut.

22. Upon information and belief, at all times material herein Robinson was and is a member of EVFoods's board of directors and exercises significant control over EVFoods's day-to-day operations including, but not limited to, hiring, firing, reviewing expense reports, and setting compensation.

23. Robinson is an "Employer" of Plaintiff under the NYCHRL, the NYSHRL, and the New York Labor Law.

24. Robinson actually participated in, and aided and abetted, the conduct giving rise to the discrimination.

25. This action arises out of Defendants' wrongful, illegal, and tortious conduct within the city and state of New York.

## DISCRIMINATION

26. Plaintiff earned a Bachelor of Arts degree in Economics from Haverford College.

27. Plaintiff began his career at a leading global investment bank and subsequently held executive roles at various food and beverage businesses, some of which required that he work with New York State and New York City government entities.

28. EVFoods is in the business of manufacturing, owning, operating, selling, and/or leasing electric mobile food and/or beverage vending vehicles.

29. Defendants recruited Plaintiff in September 2021, and Plaintiff commenced his employment by EVFoods with the title or position of Chief Executive Officer.

30. At all times Plaintiff's employment by EVFoods was on a part-time basis.

31.     Defendants accepted Plaintiff's services without objection.

32.     Plaintiff performed these services for Defendants competently, faithfully, diligently, and consistently above the reasonable performance expectations of Defendants.

33.     Plaintiff reported to the board of directors, which included Crespo, Robinson, and Sankesh Abbhi.

34.     Plaintiff was younger than Crespo, and he was forced to endure a pervasively hostile work environment and atmosphere.

35.     Plaintiff faced harassment of such quality that a reasonable person, in the same circumstances, would find that the conditions of his employment had been altered.

36.     Defendants altered the terms and conditions of Plaintiff's employment through numerous acts of abuse and disparate treatment motivated by age discrimination which included, but were not limited to, the following:

    a)    Crespo repeatedly referring to Plaintiff as a "millennial";

    b)    Crespo commenting about and enforcing stereotypes associated with millennials;

    c)    Crespo texting that millennials "are barely capable of outworking a three-legged turtle in [a] 100m dash";

    d)    Crespo calling Plaintiff a "lazy, entitled millennial";

    e)    Crespo threatening to set his dog on Plaintiff;

    f)    Crespo disparaging Plaintiff in other ways;

    g)    Defendants demoting and isolating Plaintiff within the company;

    h)    Crespo ignoring Plaintiff's legitimate business requests and treating him in a rude and unprofessional manner; and

i)     Crespo telling a group of employees that he had put Plaintiff's face on a full-sized mannequin, which he used to train his attack dog.

37.     That Crespo was treating Plaintiff poorly because of his age was openly acknowledged by one board member, who advised him that there was not much that could be done about Crespo's conduct, it was just "Max being Max," and Plaintiff must simply endure it.

38.     Defendants fostered the pervasively hostile work environment by permitting Crespo to continue his abusive campaign and failing to take action to remedy the situation.

39.     Defendants' campaign of harassment and disparate treatment continued until February 28, 2023, when they terminated Plaintiff's employment without notice, cause, or justification.

40.     Illegal discrimination motivated the termination of Plaintiff's employment.

**RETALIATION BASED ON COMPLAINTS OF DISCRIMINATION**

41.     Defendants created, promoted, and maintained a hostile work environment and atmosphere during which Plaintiff was constantly subjected to acts of abuse and age discrimination.

42.     The hostile work environment was so pervasive and severe that Plaintiff was forced to complain about it.

43.     Plaintiff made numerous complaints about Crespo's discriminatory and abusive conduct.

44.     Other younger employees complained about Crespo as well, and Crespo acknowledged these complaints by texting, "I know everyone complains about me."

45.     Defendants failed to address or investigate Plaintiff's complaints.

46.     After Plaintiff complained, the discrimination and harassment that he was being subjected to only intensified.

47.     The hostile work environment was so pervasive and severe that Plaintiff finally engaged an attorney.

48.     On February 9, 2023, Plaintiff's attorney sent a written complaint of illegal discrimination and retaliation.

49.     On February 28, 2023, Defendants terminated Plaintiff's employment without notice, cause, or justification.

50.     Illegal retaliation motivated the termination of Plaintiff's employment.

### RETALIATION BASED ON COMPLAINT OF ILLEGAL CONDUCT

51.     EVFoods does business under the name ZEVV, which is an acronym for zero emission vending vehicles, and manufactures lithium-ion-battery-powered food carts.

52.     EVFoods received numerous reports from its customers and employees that the food carts EVFoods manufactured were failing.

53.     One report said that the ZEVV food carts were overheating and smoking and that the hitches were breaking and wheels were falling off while the carts were in transit.

54.     Plaintiff hired an engineer to evaluate the design and manufacturing of the ZEVV food carts.

55.     The engineer's report confirmed that the ZEVV food carts were both dangerous and not in compliance with various safety regulations.

56.     Accordingly, Plaintiff notified Crespo and Robinson that the poor design and faulty manufacturing of the ZEVV food carts were not only dangerous but in violation of safety regulations.

57.     Instead of commending Plaintiff for obtaining the report, Crespo and Robinson told Plaintiff to terminate the engineer.

58.     Defendants failed to address the dangerous design and manufacturing problems, which continued unabated.

59.     Plaintiff also complained to Crespo that Defendants' Hudson Yards food cart activation was dangerous and violated the New York City Health Code.

60.     Instead of commending Plaintiff for reporting the health code violations, Crespo criticized him and warned, through the company-wide Slack channel, that "anyone that complains to me about anything relating to a [*sic*] Hudson Yards when its an [*sic*] operation please know that I will set my dog on them."

61.     Defendants failed to investigate or address the health code violations, which continued unabated.

62.     Crespo engaged in a practice of paying employees in cash without reporting the payments to the Internal Revenue Service or the New York State Department of Labor.

63.     Plaintiff complained to Crespo about the illegal practice of paying some employees under the table, and he refused to participate in the hiring and paying of employees in violation of the law.

64.     Crespo became very angry with Plaintiff's complaint about his violation of wage payment laws and criticized him for having "a lot of complaints and concerns" and made it plain that no such complaints would be tolerated by writing, "Last time I checked, I am solely responsible 100% for every single dollar that's been raised or put in…So when you TELL me what I can do with my own money, you should check yourself really quickly….To quote yoda – "Series

[*sic*] issues there have you…did they not teach that in sixth grade in your "woke micro aggressions" class?"

65.     Defendants failed to investigate or address the illegal wage-payment practices, which continued unabated.

66.     Crespo also conspired to commit customs fraud by paying artificially lowered tariffs by undervaluing the carts and lithium-ion batteries shipped from China, which Plaintiff complained about as well.

67.     Plaintiff's complaints were followed by, and resulted in, more verbal abuse, threats of violence, a reduction in his pay, and pressure to accept lower compensation.

68.     On February 28, 2023, Defendants terminated Plaintiff's employment without notice, cause, or justification.

69.     Illegal retaliation motivated the termination of Plaintiff's employment.

## BREACH OF CONTRACT

70.     The terms and conditions of Plaintiff's employment were governed by an employment agreement (the "Employment Contract").

71.     The Employment Contract provided that Plaintiff was entitled to "three (3) months of the then-current Annual Salary" and "any unpaid portion of the Annual Bonus for such year" as severance for a termination without cause (the "Severance").

72.     Plaintiff fully performed his obligations under the 2021 Employment Contract and every amendment of that contract.

73.     On February 28, 2023, Defendants terminated Plaintiff's employment.

74.     Despite its obligations under the Employment Contract, EVFoods has failed and refused to pay Plaintiff the Severance.

## PROMISSORY ESTOPPEL

75.     In connection with his employment Plaintiff received 2,465 Class B Units pursuant to a Class B Unit Award Agreement.

76.     EVFoods insisted that Plaintiff sell his Class B Units for a mere $1,232.50 in exchange for a promise that it would issue him new shares.

77.     Plaintiff relied on the promise that he would be issued new equity units and continued to work for the Company.

78.     On April 4, 2022, Robinson reassured Plaintiff of the promise to replace his equity by writing, "You are receiving 1,399,348 Class B of 39,981,362 total units 3.5% or 5%."

79.     Plaintiff relied on this promise and expected to receive 1,399,348 Class B Units.

80.     Despite the promises, EVFoods did not give Plaintiff any of the promised Class B Units.

### AS AND FOR A FIRST COUNT
(NYSHRL Discrimination)

81.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "80" inclusive with the same force and effect as if fully set forth at length herein.

82.     Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age.  By reason thereof, Defendants have violated the NYSHRL.

83.     As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

84.     Plaintiff has also sustained significant economic damages as a direct and proximate result of Defendants' discriminatory practices.

## AS AND FOR A SECOND COUNT
### (NYCHRL Discrimination)

85.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "80" inclusive with the same force and effect as if fully set forth at length herein.

86.     Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age.  By reason thereof, Defendants have violated the NYCHRL.

87.     As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple discriminatory practices and acts.

88.     Plaintiff has also sustained significant economic damages as a direct and proximate result of Defendants' discriminatory practices.

## AS AND FOR A THIRD COUNT
### (NYSHRL Retaliation)

89.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "80" inclusive with the same force and effect as if fully set forth at length herein.

90.     Defendants retaliated against Plaintiff in violation of the NYSHRL.

91.     As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which

was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple retaliatory practices and acts.

92.     Plaintiff has also sustained significant economic damages as a direct and proximate result of Defendants' discriminatory practices.

### AS AN FOR A FOURTH COUNT
(NYCHRL Retaliation)

93.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "80" inclusive with the same force and effect as if fully set forth at length herein.

94.     Defendants retaliated against Plaintiff in violation of the NYCHRL.

95.     As a direct and proximate result of Defendants' unlawful discriminatory practices as described herein, Plaintiff was humiliated and embarrassed within the work atmosphere, which was brought about by virtue of Defendants' systematic and continuous unlawful harassment and multiple retaliatory practices and acts.

96.     Plaintiff has also sustained significant economic damages as a direct and proximate result of Defendants' discriminatory practices.

### AS AND FOR A FIFTH COUNT
(New York State Whistleblower Protection Law
Section 740 of the New York Labor Law)

97.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "80" inclusive with the same force and effect as if fully set forth at length herein.

98.     The NYWPL provides a private right of action against employers who fail to protect their employee whistleblowers from retaliation.

99.     Plaintiff made good-faith disclosures/complaints concerning EVFoods's violations of safety regulations, the New York City Health Code, laws concerning the payment of wages, and evasion of tariffs on Chinese imports.

100.    By reporting EVFoods's violations of safety regulations, the New York City Health Code, wage payment laws, and customs regulations, Plaintiff engaged in protected activity under the NYWPL.

101.    Defendants were aware of Plaintiff's protected reports of EVFoods's violations of safety regulations, the New York City Health Code, laws concerning the payment of wages, and customs regulations, as evinced by their agents' admonitions that he should stop making such reports.

102.    After Plaintiff persisted in reporting EVFoods's illegal conduct, Defendants, through their officers, agents, and employees, methodically treated Plaintiff less favorably than similarly-situated employees who did not report such activity.

103.    Defendants retaliated against Plaintiff for making disclosures/complaints protected under the NYWPL.

104.    Plaintiff's disclosures/complaints were the motivating factors in Defendants' decision to terminate Plaintiff's employment.

105.    Defendants' violations of the NYWPL were willful, malicious, and wanton.

106.    For retaliation in violation of the NYWPL, Plaintiff is entitled to legal and equitable relief to effectuate the purposes of the NYWPL including, *inter alia,* employment reinstatement, liquidated damages, front pay, compensatory damages, interest, and attorneys' fees and costs.

### AS AND FOR A SIXTH COUNT
(Breach of Contract)

107. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "80" inclusive with the same force and effect as if fully set forth at length herein.

108. On September 20, 2021, Plaintiff and EVFoods entered into a valid and binding Employment Contract.

109. Plaintiff has fully performed his obligations under the Employment Contract.

110. On February 28, 2023, Defendants terminated Plaintiff's employment yet failed to pay him the Severance due and owing, thereby breaching the Employment Contract.

111. As a direct and proximate result of EVFoods's breach of the Employment Contract, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury at the trial of this action.

## AS AND FOR A SEVENTH COUNT
(Promissory Estoppel)

112. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "80" inclusive with the same force and effect as if fully set forth at length herein.

113. At all times during the course of his relationship with EVFoods Plaintiff performed his services competently, faithfully, and diligently.

114. EVFoods, by email from board member Bradley Robinson, promised Plaintiff 1,399,348 Class B units of 39,981,362 total units 3.5% or 5%.

115. Although Plaintiff relied on EVFoods's promise, it did not give Plaintiff the Class B units.

116. EVFoods's breach has directly and proximately resulted in significant economic damages.

14

117.    As a direct and proximate result of the foregoing, Plaintiff is entitled to an award the amount of which is to be determined by a jury at the trial of this action.

WHEREFORE, Plaintiff respectfully demands the following relief:

a)    a money judgment against Defendants for back pay and front pay;

b)    liquidated damages;

c)    specific performance;

d)    compensatory damages;

e)    attorneys' fees;

f)    punitive damages; and

such further and additional relief as the Court deems just and appropriate under the circumstances.

COREY STARK PLLC


/s/_____
By: Corey Stark
*Attorney for Plaintiff*
110 East 59th Street, 22nd Floor
New York, New York   10022
(212) 324-7305

## JURY DEMAND

Plaintiff demands a trial by jury in this action.


Dated: New York, New York
      August 14, 2023

                                        COREY STARK PLLC


                                        /s/_____

                                        By: Corey Stark (CS-3897)
                                        *Attorney for Plaintiff*
                                        110 East 59th Street, 22nd Floor
                                        New York, New York  10022
                                        (212) 324-3705